UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| LIZAJEAN HOLT, individually and on behalf of similarly situated persons, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | No. 3:07-CV-94 (Phillips/Shirley) |
| MENU FOODS, INC., ) ) | |
| Defendant. ) | |

| | |
|---|---|
| BARBARA LIGHT, ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | No. 3:07-CV-98 |
| MENU FOODS, INC., ) ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

These cases came before the undersigned pursuant to Local Rule 3.2 of the Local Rules of the United States District Court for the Eastern District of Tennessee for assignment to a District Judge. The record indicates that in the recently filed case of Barbara Light v. Menu Foods, Inc., Civil Action No. 3:07-CV-98, the complaint was filed on or about March 19, 2007. A previous case has been filed styled Lizajean Holt v. Menu Foods, Inc., Civil Action No. 3:07-CV-94, which was assigned to the Honorable Thomas W. Phillips, United States District Judge and Magistrate Judge C. Clifford Shirley, Jr.

Pursuant to E.D. TN. LR3.2(d)(3), cases related to cases already assigned to a District Judge shall be assigned or transferred to the Judge assigned to the previously filed case. The procedure set out in Local Rule 3.2(d)(3)(B) provides that "when it appears to the Clerk that a case submitted for filing may be related to a previously filed case, the submitted case shall be referred to the Magistrate Judge assigned to the previously filed case to determine whether or not the cases are related. If the Magistrate determines that the cases are related, the Magistrate will enter an Order directing the Clerk to assign the submitted case to the Judge assigned to the previously filed case." In this matter, it appeared to the Clerk that the Light case, Civil Action No. 3:07-CV-98, submitted for filing might be related to the previously filed Holt case, Civil Action No. 3:07-CV-94, and they were referred to the undersigned to determine whether the cases were related.

Cases are deemed related under Local Rule 3.2(d)(3)(A) when a filed case arises out of the same transaction or occurrence and involves one or more of the same parties as an earlier numbered case.

It appears to the undersigned that Civil Action No. 3:06-CV-98 (Light) is related to the earlier filed case, Civil Action No. 3:06-CV-94 (Holt). The defendant in Civil Action No. 3:07-CV-98 is the same defendant in Civil Action No. 3:07-CV-94. Upon reviewing the complaints filed in each case, it further appears to the undersigned that both civil actions seek to bring class actions on behalf of plaintiffs who purchased affected and/or contaminated brands of pet food and whose pets suffered injuries after ingesting such pet food. Therefore, the undersigned finds that these cases are deemed related as they arise, in substantial part, out of the same transaction, occurrence, or are claimed to be related thereto and involve one or more of the same parties.

Therefore, it is the opinion of the undersigned that Civil Action No. 3:07-CV-98 (<u>Light</u>) should be assigned to the Honorable Thomas W. Phillips, who was previously assigned to Civil Action No. 3:07-CV-94 (<u>Holt</u>) in the interest of judicial economy.[1]

Accordingly, the Clerk is **DIRECTED** to assign Civil Action No. 3:07-CV-98 and Civil Action No. 3:07-CV-94 to the Honorable Thomas W. Phillips, United States District Judge.

**IT IS SO ORDERED.**

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

---

[1] The Court also notes and calls the parties attention to Local Rule 3.2(e), which provides that "this rule is intended to provide for the orderly division of the business of the Court and not to grant any right to any litigant."